Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MARITZA GÓMEZ ESCRIBANO<br><br>Apelante<br><br>Exparte | KLAN202301086 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Lorenzo<br><br>Caso Núm. SL2023CV00386<br><br>Sala: Salón 704<br><br>Sobre: Habeas Corpus |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

El 4 de diciembre de 2023, se recibió en este Tribunal de Apelaciones un recurso de apelación civil mediante el cual, la Sra. Maritza Gómez Escribano (en adelante, señora Gómez o la apelante) por derecho propio acude ante nos y solicita nuestra intervención con relación a la *Sentencia* emitida y notificada el 31 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Lorenzo (en adelante, TPI o foro recurrido).[1] De otra parte y en esa misma fecha, sometió una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*.

Estudiado este escrito, autorizamos a la señora Gómez a litigar en forma *pauperis*. De igual forma, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración y conforme autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 7(B)(5), prescindimos de cualquier término, comparecencia o procedimiento ulterior.

---

[1] Por virtud del referido dictamen, debido a que en esa misma fecha se determinó causa para arresto de conformidad con las Reglas Procedimiento Criminal, 34 LPRA Ap. II, R. 6, contra Josué A. Vázquez Gómez, concluyó que el recurso de *Habeas Corpus* que la señora Gómez instó se tornó académico, decretándose el cierre y archivo del caso por tal razón.

Número Identificador

SEN2023 _____

I.

-A-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Ello es así, toda vez que la ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012).

-B-

En lo concerniente al asunto de epígrafe, es importante señalar que el auto de *habeas corpus* es un recurso extraordinario de naturaleza civil mediante el cual una persona que está privada ilegalmente de su libertad solicita de la autoridad judicial competente que investigue la causa de su detención. Pueblo v. Díaz, Rivera, 204 DPR 472 (2020), citando a Quiles v. Del Valle, 167 DPR 458, 466 (2006) y otros allí citados. Este instrumento, está reconocido en la Sección 13 del Artículo II de la Constitución de Puerto Rico, LPRA Tomo 1, y está codificado en el Código de Enjuiciamiento Criminal, 34 LPRA secs. 1741-1780. Su uso, debe limitarse a situaciones que

en realidad lo ameriten. *Íd.*, citando a <u>Ortiz v. Alcaide Penitenciaría Estatal</u>, 131 DPR 849, 861 (1992).

II

Según arriba señalamos, la señora Gómez acudió ante este Tribunal de Apelaciones para impugnar la sentencia mediante la cual se desestimó el recurso de *habeas corpus* que instó, por academicidad. De los documentos que esta sometió con su escrito, podemos ver que el 31 de octubre de 2023, la apelante instó una *Petición* de *habeas corpus* en la que señaló que su hijo, Josué A. Vázquez Gómez, fue detenido por más de 36 horas sin que se sometiera una querella oficial en su contra. Así, reclamó que ello violentó los derechos de su hijo e inclusive señaló que su hijo tenía lesiones causadas por la Policía de Puerto Rico, según este le dejó saber. En esa misma fecha, el TPI emitió la sentencia apelada. En esta, señaló lo siguiente: "En el día de hoy se determinó causa en Regla 6 por infracción al Artículo 3.1 de la Ley 54, Artículo 2.45 del Código Penal y Artículo 2.46.a contra Josué A. Vázquez Gómez. Por lo que fue expedido el *Auto de Prisión*. De conformidad con lo anterior, resulta forzoso concluir que la Petición es académica."

El 8 de noviembre de 2023, la apelante presentó una *Moción de reconsideración por derecho propio* en la que manifestó no estar conforme con lo resuelto por el tribunal, toda vez que independientemente de que se la hayan sometido cargos, ello ocurrió luego de haber tenido a su hijo en custodia por más de 36 horas. Así, postuló que cualquier acto posterior estando su hijo retenido en exceso de las horas permitidas es nulo. El 10 de noviembre de 2023, el TPI emitió *Orden* en la que declaró No Ha Lugar la reconsideración solicitada. En desacuerdo aun, la señora Gómez instó el recurso de epígrafe. En este, además de establecer el proceso antes detallado, reiteró su inconformidad con la denegación de su petición de *habeas corpus* reproduciendo con dicho propósito los argumentos planteados ante el foro primario.

Una controversia se convierte en académica cuando la determinación que pueda tomarse sobre ella carece de efectos prácticos y el remedio que pueda dictar el tribunal carece de efectos prácticos. Super Asphalt v. AFI y Otro, 206 DPR 803 (2021). Cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos del caso. *Íd*. A su vez, el caso debe ser desestimado, y los tribunales carecen de discreción para negarse a hacerlo, en ausencia de alguna de las instancias excepcionales. Moreno v. Pres. U.P.R. II, 178 DPR 969, 974 (2010).

En el presente caso, según puede apreciarse del texto de la sentencia, la razón por la cual la señora Gómez reclamó la liberación de su hijo fue porque, según alegó, éste había estado bajo la custodia de la Policía de Puerto Rico de manera ilegal por 36 horas. No obstante, el mismo día en que instó su recurso, conforme surge del dictamen apelado, se encontró causa probable para arresto contra su hijo. Por consiguiente, y como correctamente determinó el TPI, la controversia en cuanto a la liberación de su hijo por estar detenido ilegalmente advino académica.[2] Siendo ello así, la desestimación por falta de jurisdicción por academicidad debe sostenerse.

III

Por todo lo antes expuestos, confirmamos la *Sentencia* emitida y notificada el 31 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Lorenzo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Una persona no tiene derecho a solicitar hábeas corpus a menos que esté sufriendo, como cuestión de hecho, una restricción **ilegal** de su libertad. Tiene que existir una custodia o detención **ilegal** y una persona que tenga detenido **ilegalmente** a aquél en cuyo favor se solicita el auto. Díaz v. Campos, 81 DPR 1009, 1015 (1960). (Énfasis suplido)